## Illinois Central R. R. Co.
### v.
## William H. Simpson.

Delivery.—Delivery of goods to the authorized agent of the consignee at the place of destination, is in law a delivery to the consignee and discharges the railroad company from its liability as a carrier

Error to the Circuit Court of Union county; the Hon. D. M. Browning, Judge, presiding.   Opinion filed November 27, 1885.

Messrs. Green & Gilbert, for plaintiff in error.

Green, J.   This suit was commenced before a justice of the peace by Simpson, the defendant in error, to recover the value of three barrels of sweet potatoes alleged to have been taken as freight by plaintiff in error for transportation on its train to J. H. Wilson & Co., consignee of Simpson, at Bloomington, Illinois, and never delivered.   The justice gave judgment for costs against Simpson, who took an appeal therefrom to the Circuit Court of Union county, where a trial by jury was had, resulting in a verdict and judgment for Simpson, to reverse which, this writ of error was sued out.   By the evidence in the record it appears that the potatoes in controversy were received by plaintiff in error from Simpson, were transported on its train to Bloomington, Illinois, and were there delivered to Johnson & Co., of that place, proprietors of a dray line there, and that they received and receipted for the same ; it further appears from the evidence that at the time said potatoes were so received and receipted for, said J. H. Wilson carried on business alone under the name of J. H. Wilson & Co., and that at the same time said Johnson & Co. were duly authorized by said J. H. Wilson to receive, receipt for and haul freight so consigned to J. H. Wilson & Co.

This delivery of the potatoes to the authorized agents of the consignee at the place of destination was in law a delivery

to the consignee; discharged plaintiff in error from liability as a carrier, and was a full performance of its contract as such with Simpson. The court below by its instruction given to the jury, announced the law to be as herein stated, but the jury disregarded the instruction and rendered a verdict against the law and unwarranted by the evidence.

The court below erred in rendering judgment on the verdict, and the same is reversed.

Judgment reversed.